1  HOLLY E. CHEONG, ESQ.
   Nevada Bar No. 11936
2  TROUTMAN PEPPER LOCKE LLP
   8985 S. Eastern Ave., Ste. 200
3  Las Vegas, NV  89123 *(Nevada Office)*
   Tele: (213) 928-9839
4  holly.cheong@troutman.com

5  TROUTMAN PEPPER LOCKE LLP
   350 South Grand Avenue, Suite 3400
6  Los Angeles, California 90071 *(Los Angeles Office)*

7  *Attorneys for Defendants Nationstar Mortgage*
   *LLC dba Mr. Cooper (erroneously sued as Mr.*
8  *Cooper Mortgage Servicing), and Wilmington*
   *Trust, National Association, as Successor*
9  *Trustee to Citibank, N.A., as Trustee for Bear*
   *Stearns Alt-A Trust, Mortgage Pass-Through*
10 *Certificates, Series 2007-1*

11              **UNITED STATES DISTRICT COURT**

12              **FOR THE DISTRICT OF NEVADA**

13

14 DAVID JONATHAN NOYES AND          Case No.  2:25-cv-00048-GMN-NJK
   ANGKANA NOYES,
15                                    **JOINT PROPOSED DISCOVERY**
                  Plaintiffs,         **PLAN AND SCHEDULING ORDER**
16
   vs.
17                                    SUBMITTED IN COMPLIANCE WITH
   MR. COOPER MORTGAGE SERVICING      LR 26-1(b)
18 AND WILMINGTON TRUST, NATIONAL
   ASSOCIATION, AS SUCCESSOR
19 TRUSTEE TO CITIBANK, N.A., AS
   TRUSTEE FOR BEAR STEARNS ALT-A
20 TRUST, MORTGAGE PASS-THROUGH
   CERTIFICATES, SERIES 2007-1,
21
                  Defendants.
22

23        Plaintiffs David Jonathan Noyes and Angkana Noyes and Defendants Nationstar Mortgage

24 LLC dba Mr. Cooper (erroneously sued as Mr. Cooper Mortgage Servicing) and Wilmington Trust,

25 National Association, as Successor Trustee to Citibank, N.A., as Trustee for Bear Stearns Alt-A Trust,

26 Mortgage Pass-Through Certificates, Series 2007-1 ("Defendants"), hereby submit their Joint

27 Proposed Discovery Plan and Scheduling Order pursuant to Federal Rule of Civil Procedure 16 and

28 26, as well as LR 26-1. It is hereby requested that the Court enter the following Discovery Plan and

   Scheduling Order.

Pursuant to Fed. R. Civ. P. 26(f) and LR 26-1(a), a telephonic meeting was held on **February 26, 2025**

**I.      Whether the Parties have exchanged initial disclosure statements under Rule 26(a)**

The Parties have not exchanged Initial Disclosures. The Parties have agreed to exchange Initial Disclosures no later than **March 12, 2025**, fourteen (14) days after the Fed. R. Civ. P. 26(f) Conference.

**II.     Discovery Cut-Off Date**

Discovery will take 180 days, measured from the appearance of the first Defendant, which was on **January 14, 2025** [Dkt. No. 5]. The Discovery Cut-Off date, therefore, will be **July 14, 2025.**

The Parties have proposed dates that conform with Local Rule 26.1(b).

**III.    Amending the Pleadings and Adding Parties**

Pursuant to LR 26-1(b)(2), the deadline for filing Motions to Amend the Pleadings or Motions to Add Parties is **90 days** before the close of discovery, therefore the deadline will be **April 15, 2025**.

**IV.     Fed. R. Civ. P. 26(a)(2) Disclosures (Experts)**

Pursuant to LR 26-1(b)(3), unless the Discovery Plan otherwise provides and the court so orders, the deadlines in Fed. R. Civ. P. 26(a)(2)(D) for Expert Disclosures are modified to require that the disclosures be made **60 days** before the Discovery Cut-Off date and that Rebuttal-Expert Disclosures be made **30 days** after the initial disclosure of experts.

Expert Disclosures deadline will be **May 15, 2025**.

Rebuttal Expert Disclosures deadline will be **June 16, 2025**.

**V.      Dispositive Motions**

Pursuant to LR 26-1(b)(4), unless the Discovery Plan otherwise provides and the court so orders, the deadline for filing Dispositive Motions is **30 days** after the Discovery Cut-Off date.

Therefore, the deadline for filing Dispositive Motions is **August 13, 2025**.

**VI.     Pretrial Order**

Pursuant to LR 26-1(b)(5), unless the Discovery Plan otherwise provides and the court so orders, the deadline for the Joint Pretrial Order is **30 days** after the deadline for filing Dispositive Motions.

308093770v1

If no Dispositive Motions are filed, the deadline for the Joint Pretrial Order, Fed. R. Civ. P. 26(a)(3) Disclosures, and any Objections to them is **September 12, 2025**.

If Dispositive Motions are filed, the deadline for filing the Joint Pretrial Order, Fed. R. Civ. P. 26(a)(3) Disclosures, and any Objections to them will be suspended until **30 days after** decision on the Dispositive Motions or further court order.

**VII.    Fed. R. Civ. P. 26(a)(3) Disclosures**

In accordance with LR 26-1(b)(6), the Disclosures required by Fed. R. Civ. P. 26(a)(3) and any Objections to them must be included in the Joint Pretrial Order.

If Dispositive Motions are filed, the deadline for filing the Joint Pretrial Order, Fed. R. Civ. P. 26(a)(3) Disclosures, and any Objections to them will be suspended until **30 days after** decision on the Dispositive Motions or further court order.

**VIII.    Alternative Dispute Resolution**

The Parties certify that they met and conferred about the possibility of using alternative dispute-resolution processes including mediation, arbitration, and if applicable, early neutral evaluation, but have not come to any agreement at this time.

The assistance of a Magistrate Judge in facilitating a settlement conference after the Parties engage in initial discovery may be useful. Other than that, the Parties do not believe that this case is suitable for reference to arbitration or early neutral evaluation.

**IX.    Alternative Forms of Case Disposition**

The Parties further certify that they considered consent to Trial by a United States Magistrate Judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01).

The Parties do not consent to Trial by a United States Magistrate Judge.

The Parties do not consent to the use of the Short Trial Program (General Order 2013-01).

**X.    Electronically Stored Information ("ESI") and Electronic Evidence**

The Parties certify that they intend to present evidence in electronic format to jurors for the purposes of jury deliberations. The Parties will consult the Court's website or contact the assigned

3

308093770v1

judge's courtroom administrator for instructions about how to prepare evidence in an electronic format and other requirements for the Court's electronic jury evidence display system.

The Parties have discussed the retention and production of electronic data. The Parties agree that service of discovery via electronic means, including electronic files copied to compact disc, pursuant to Fed. R. Civ. 5(b), is sufficient, and the Parties retain the right to serve by mail and receive three additional days for mailing provided for in Fed. R. Civ. P. 6(d). The Parties reserve the right to revisit this issue if a dispute or need arises. The Parties further intend to present evidence in electronic format to jurors for the purposes of jury deliberations. To the extent discovery requests are served on a Saturday, Sunday, or legal holiday, service will be deemed effective on the next day that is not a Saturday, Sunday, or legal holiday.

**XI.    Protection of Privileged/Trial Preparation Material:**

If a party discovers it has inadvertently disclosed privileged or trial preparation material, it agrees to notify the opposing party in writing **within 30 days** of the discovery that such document(s) have been disclosed, which written notification will set forth the basis for the claim that the items disclosed are privileged or trial preparation material. If the party receiving the disclosure agrees that the inadvertently produced items are privileged or trial preparation material, it will return all such items to the producing party without the retention of any copies.

If the receiving party disputes that the items are privileged or trial preparation materials, it will **within 30 days** of written notification of the inadvertent disclosure, present the disputed items inadvertently disclosed to the court under seal for a decision with respect thereto (without the retention of copies), including with such submission the producing party's written notification and any statement the receiving party wishes to make in support of its position that the items are not privileged or trial preparation material. If the receiving party disclosed the inadvertently produced privileged or trial preparation materials before being notified of the inadvertent disclosure, it will take reasonable steps to retrieve the materials pending resolution of the matter.

**XII.    Electronic Service of Discovery**

The Parties agree that pursuant to Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure, the exchange of pleadings and other papers, including discovery requests, responses, and ESI, shall be in

1    PDF format, and served via email or a secure file transfer protocol, rather than US Mail. All

2    documents served electronically will be deemed as if served by mail.

3         The Parties also agree, upon request, to promptly (no later than the second business day after

4    the day of service) provide the sending party with confirmation of receipt of the service by email.

5    The format to be used for attachments to any email message shall be Adobe Acrobat (.pdf). The

6    Parties agree to serve their written discovery requests in both Microsoft Word (.docx) and Adobe

7    Acrobat (.pdf) format.  If an error or delayed delivery message is received by the sending party, that

8    party shall promptly (within one business day of receipt of such message) notify the intended recipient

9    of the message and serve the pleading or other papers by other authorized means, including mail

10   service.

11        The Parties anticipate that depositions, if any, will take place remotely via videoconference

12   or as all parties, including the deponents, otherwise agree. The Parties will determine the manner of

13   depositions based on the circumstances prevailing when the Parties confer to schedule depositions.

14   ///

15   ///

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

5

**XIII.    Extension of Discovery Deadline**

LR 26-3 governs modifications or extensions to this Discovery Plan and Scheduling Order.


**IT IS SO ORDERED:**


_____
**THE HONORABLE NANCY J. KOPPE**
**UNITED STATES MAGISTRATE JUDGE**


**DATED:** _February 28, 2025_____


RESPECTFULLY SUBMITTED this 27th day of February, 2025.


/s/David Jonathan Noyes                          TROUTMAN PEPPER LOCKE LLP
David Jonathan Noyes
217 Summit Creek Avenue
North Las Vegas, Nevada 89031
(702) 207-0172                                   /s/ Holly E. Cheong
                                                 Holly E. Cheong, Esq.
                                                 Nevada Bar No. 11936
/s/Angkana Noyes                                 Sean B. Kirby, Esq.
Angkana Noyes                                    Nevada Bar No. 14224
217 Summit Creek Avenue                          8985 S. Eastern Ave., Ste 200
North Las Vegas, Nevada 89031                    Las Vegas, NV 89123 *(Nevada Office)*
(702) 207-0172                                   350 South Grand Avenue, Suite 3400
                                                 Los Angeles, California 90071
                                                 *(Los Angeles Office)*

                                                 *Attorneys for Defendants Nationstar Mortgage*
                                                 *LLC dba Mr. Cooper (erroneously sued as Mr.*
                                                 *Cooper Mortgage Servicing), and Wilmington*
                                                 *Trust, National Association, as Successor*
                                                 *Trustee to Citibank, N.A., as Trustee for Bear*
                                                 *Stearns Alt-A Trust, Mortgage Pass-Through*
                                                 *Certificates, Series 2007-1*

308093770v1