UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAVID JONATHAN NOYES, *et al.*, <br><br> Plaintiffs, <br> vs. <br> MR. COOPER MORTGAGE SERVICING, *et al.*, <br><br> Defendants. | Case No.: 2:25-cv-00048-GMN-NJK <br><br> **ORDER DENYING MOTION TO REMAND AND STRIKING MOTION TO STRIKE** |

Pending before the Court is the Motion to Remand, (ECF No. 8), filed by Plaintiffs David Jonathan Noyes and Angkana Noyes. Defendants Nationstar Mortgage LLC dba Mr. Cooper ("Nationstar"), and Wilmington Trust, National Association, as Successor Trustee to Citibank, M.A. as Trustee for Bear Stearns Alt-A Trust, Mortgage Pass-Through Certificates, Series 2007-1 ("Wilmington Trust") filed a Response, (ECF No. 10), to which Plaintiffs replied, (ECF No. 18-1). Also pending before the Court is Plaintiffs' Motion for Leave to File Late Reply, (ECF No. 18).

Further pending before the Court is Plaintiffs' Motion to Strike Insufficient Defenses, (ECF No. 9). Defendants filed a Response, (ECF No. 13), and Plaintiffs filed a Reply, (ECF No. 19).

For good cause appearing, the Court **GRANTS** the Motion for Leave to File Late Reply. For the reasons explained below, the Court **DENIES** Plaintiffs' Motion to Remand and **STRIKES** Plaintiffs' Motion to Strike Insufficient Defenses.

I.  **BACKGROUND**

This case arises out of a disagreement regarding a mortgage servicing agreement. (*See generally* Compl., ECF No. 1-1). Plaintiffs originally filed their Complaint in the Eighth

Judicial District Court for Clark County, Nevada on December 16, 2024. (Pet. Removal, ECF No. 1). Plaintiffs served Defendants with the Complaint on December 18, 2024. (*Id.*). On January 8, 2025, Defendants removed this case to federal court based on diversity jurisdiction. (*Id.*). Defendants argue that the Court has diversity jurisdiction because complete diversity of citizenship exists between Plaintiffs and Defendants, and the amount in controversy exceeds $75,000. (*Id.* 2:18–3:24). They further argue that the Court has federal question jurisdiction over Plaintiffs' Real Estate Settlement Procedures Act ("RESPA") claim and supplemental jurisdiction over the remaining state law claims. (*Id.* 3:25–4:17). Plaintiff now seeks to remand to state court (*See generally* Mot. Remand, ECF No. 8).

## II. LEGAL STANDARD

### A. Motion to Remand

"Federal courts are courts of limited jurisdiction," and "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted).

The federal removal statute provides that a defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction. 28 U.S.C. § 1441. "The 'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

To remove a state law civil action to federal court on the basis of diversity jurisdiction, a removing defendant must show that the parties are completely diverse and that the matter in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a).  Complete diversity of citizenship under 28 U.S.C. § 1332 requires that each plaintiff be a citizen of a different state than each defendant. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Diversity is determined, and must exist, at the time the complaint is filed, and removal is effected. *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002).  A corporation is deemed to be a citizen of every state by which it is incorporated, as well as the state where it has its principal place of business. 28 U.S.C. § 1322(c)(1).

A defendant may remove a case within 30 days of receipt of the initial pleading if it is removable at that time. 28 U.S.C. § 1446(a).  "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

### B.  Motion to Strike

Under Federal Rule of Civil Procedure 12(f), the Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f).  A court must view the pleading under attack in the light most favorable to the pleader and should not weigh the sufficiency of evidence in evaluating a motion to strike. *D.E. Shaw Laminar Portfolios, LLC v. Archon Corp.*, 570 F. Supp.2d 1262, 1271 (D. Nev. 2008).

## III.    DISCUSSION

The Court begins by addressing Plaintiffs' Motion for Leave to File a Late Reply, before turning to the Motion to Remand and Motion to Strike.

///

///

### A. Motion for Leave to File Late Reply

Plaintiffs request leave to file a late Reply in support of their Motion to Remand. Federal Rule of Civil Procedure 6(b)(1)(B) states that a court "may, for good cause, extend the time . . . on a motion made after the time has expired if the party failed to act because of excusable neglect." Excusable neglect is an "elastic concept" that is determined by considering, among other things: "the danger of prejudice to the [party not under scrutiny], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997). Rule 6 must be "liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258–59 (9th Cir. 2010). At bottom, the excusable neglect inquiry is "an equitable one." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

In this case, Plaintiffs' Reply to the Motion to Remand was due on February 13, 2025; the Reply to the Motion to Strike was due on February 19, 2025. Plaintiffs filed both replies on March 7, 2025, approximately three weeks late for the Motion to Remand and two and half weeks late for the Motion to Strike. Plaintiffs explain that they were unable to file a Reply by the deadline because they suffered from a severe illness that prevented them from doing so. (Mot. Leave File Late Reply 2:9–11, ECF No. 18). For good cause appearing, the Court GRANTS the Motion for Leave to File Late Reply.

### A. Motion to Remand

Plaintiffs seek to remand the case to state court, arguing that the Court lacks subject matter jurisdiction over the case and identifying procedural deficiencies in the removal process. (*See generally* Mot. Remand). In response, Defendant argues that the Court has federal question jurisdiction over Plaintiffs' RESPA claim, and supplemental jurisdiction over the

remaining claims. (Resp. Remand 6:7–8:11, ECF No. 10).  Even if the Court does not have federal question jurisdiction, Defendant contends that complete diversity exists, and removal was not procedurally improper. (*Id.* 4:19–6:6; 8:12–10:17).  The Court addresses each argument in turn.

Plaintiffs first argue that, though their Complaint references RESPA, it does not form the basis of any of their claims and thus does not establish federal question jurisdiction. (Mot. Remand 5:22–6:7).  But Plaintiffs' fourth cause of action is entitled "Violation of Federal Mortgage Servicing Regulations," and contains allegations that Defendants violated RESPA. (Compl. ¶ 46).  This is not a mere reference to federal law, as Plaintiffs assert. (Mot. Remand 6:2–10).  On the face of the Complaint, RESPA forms the basis for one of Plaintiffs' causes of action, and the Court therefore has federal question jurisdiction over that claim.  And because Plaintiffs' state law claims all arise from the "same case or controversy" as the RESPA claim, the Court can exercise supplemental jurisdiction over the state law claims. *See* 28 U.S.C. § 1367(a).  Thus, the Court has subject matter jurisdiction over the case.

Plaintiffs next argue that removal was procedurally improper because Defendants failed to obtain the consent of every Defendant, and because Defendants did not serve Plaintiffs with written notice of the removal or file a statement of removal state court. (Mot. Remand 8:1–11:9).  The Certificate of Service on page six of the Petition for Removal attests that Nationstar and Wilmington Trust served a notice of removal via electronic service to Plaintiffs' email address. (Pet Removal at 6).  Nationstar and Wilmington Trust are the only two named Defendants in this matter, and they jointly filed the Notice of Removal. (*Id.*).  Thus, both Defendants consented to removal and complied with 28 U.S.C. § 1446(d) in providing notice of removal.  Accordingly, the Court finds that the case was properly removed, and DENIES Plaintiff's Motion to Remand.

///

### B. Motion to Strike

Plaintiffs filed a 306-page Motion to Strike, arguing that Defendants' affirmative defenses should be struck as insufficiently pled. The Motion is 282 pages longer than the 24-page limit on motions set in Local Rule 7-3(b). Defendants argue that the Motion should be stricken because it violates the Local Rules, which limits motions to 24 pages. (Resp. Mot. Strike, 4:11–20, ECF No. 13). The Court may strike any document that does not conform with the local rules. *See* Local Rule IA 10-1(d). Because Plaintiffs' Motion goes significantly beyond the 24-page limit to the extent that the Court is not able to reasonably review Plaintiffs' arguments, the Court STRIKES the Motion to Strike. Plaintiffs may file a corrected motion that complies with the Local Rules within 21 days of this Order (the amount of time prescribed by FRCP 12(f) to file a motion to strike pleadings).

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand, (ECF No. 8), is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Leave to File Late Reply, (ECF No. 18), is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Strike Affirmative Defenses is **STRICKEN**. Plaintiffs have 21 days from the issuance of this Order to file a motion conforming with this District's local rules. The corrected motion must be filed by August 4, 2025.

**DATED** this __14__ day of July, 2025.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT