UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| David Jonathan Noyes, et al.,<br><br>    Plaintiff(s),<br><br>v.<br><br>Mr. Cooper Mortgage Servicing, et al.,<br><br>    Defendant(s). | Case No. 2:25-cv-00048-GMN-NJK<br><br>**Order**<br><br>[Docket Nos. 31, 34] |

Pending before the Court is Plaintiffs' motion to withdraw admissions. Docket No. 34.[1] Defendants filed a response in opposition. Docket No. 37. No reply was filed. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the Court **GRANTS** the motion.

## I.   BACKGROUND[2]

This case revolves around a loan modification offered to Plaintiffs and subsequent foreclosure efforts by Defendants. Docket No. 1-1. Defendants removed the case on diversity jurisdiction. *See* Docket No. 1. On April 21, 2025, Defendants served Plaintiffs with requests for admission. Docket No. 37-1. Plaintiffs did not timely respond. *Cf.* Fed. R. Civ. P. 36(a)(3) (requiring response with 30 days). On May 22, 2025, Defendants identified the failure to respond and required responses be provided by May 27, 2025. Docket No. 31-11 at 2. On June 8, 2025, Defendants advised that the requests were deemed admitted due to the failure to respond. *See id.* On June 11, 2025, Plaintiffs served lengthy responses to the requests for admission. *See* Docket No. 37-2. On September 12, 2025, discovery closed. Docket No. 30 at 2. On October 10, 2025,

---

[1] The Court liberally construes the filings of *pro se* litigants. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[2] As the parties are familiar with the procedural posture and facts of the case, the Court will not provide an extensive background herein.

1

Defendants filed a motion for summary judgment. Docket No. 31. On October 27, 2025, Plaintiffs filed the pending motion to withdraw admissions. Docket No. 34.

## II. STANDARDS

Pursuant to Rule 36(a) of the Federal Rules of Civil Procedure, a party may serve on another party a written request to admit the truth of any matter within the scope of Rule 26(b)(1). A failure to timely respond results in the automatic admission of the matter. Fed. R. Civ. P. 36(a)(3). Rule 36(b) of the Federal Rules of Civil Procedure provides a reprieve from that danger, however, allowing for the potential to withdraw admissions. "[T]wo requirements must be met before an admission may be withdrawn: (1) presentation of the merits of the action must be subserved, and (2) the party who obtained the admission must not be prejudiced by the withdrawal." *Sonoda v. Cabrera*, 255 F.3d 1035, 1039 (9th Cir. 2001). The party seeking withdrawal of admissions bears the burden of satisfying the first prong of the test. *See, e.g.*, *McNamara v. Hallinan*, 2019 WL 6122003, at *3 (D. Nev. Oct. 28, 2019). The party opposing withdrawal of admissions bears the burden of satisfying the second prong of the test. *Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007).

Even where both requirements have been satisfied, Rule 36(b) is "permissive" and does not mandate withdrawal of the admissions. *Id.* at 624-25. Moreover, the Ninth Circuit has urged district courts "to be cautious in exercising their discretion to permit withdrawal or amendment of an admission." *999 v. C.I.T. Corp.*, 776 F.2d 866, 869 (9th Cir. 1985). In determining whether to exercise its discretion to allow withdrawal, courts may consider factors including the reason for the delay. *Conlon*, 474 F.3d at 625.

## III. ANALYSIS

The Court begins with Plaintiffs' contentions that withdrawing the admissions would promote resolution of the case on its merits. Plaintiffs argue that the admissions go to "central issues" in the case, including compliance with the trial period plan. *See* Docket No. 34 at 6. The Court agrees that such a showing suffices to meet this aspect of the governing test. *See, e.g.*, *McNamara*, 2019 WL 6122003, at *4 ("While not necessarily case-dispositive, district courts have

found a sufficient showing is made when admissions go to core issues that would in large part resolve the case").

The Court also finds that Defendants have not established prejudice. The pertinent prejudice is "'not simply that the party who obtained the admission will now have to convince the factfinder of its truth. Rather, it relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence' with respect to the questions previously deemed admitted." *Conlon*, 474 F.3d at 622 (quoting *Hadley*, 45 F.3d 1345, 1348 (9th Cir. 1995)). In this case, the responses were untimely by only a few weeks. Plaintiffs served their untimely responses months before the discovery cutoff, at which time Defendants should have been alerted that Plaintiffs contest the automatic admissions, particularly since Plaintiffs are *pro se* litigants. *Cf. Weil v. Walmart*, 644 F. Supp. 3d 772, 779 (D. Nev. 2022). Moreover, Defendants' "reliance on [] deemed admission[s] in preparing a summary judgment motion does not constitute prejudice" *Conlon*, 474 F.3d at 624. Even where an opponent foregoes discovery in light of deemed admissions, sufficient prejudice may not exist when trial is not imminent and the Court can reopen discovery. *See id.* Trial has not been set in this case and reopening discovery for Defendants only for a short time suffices to avoid any trial-related prejudice.

Having found the governing test to be met, the Court possesses discretion to allow withdrawal of the admissions. Moreover, the Court is not persuaded by Defendants' contention that a lack of good cause for the delay should doom the withdrawal. The responses were provided in relatively prompt fashion. While Plaintiffs should have sought an extension if they needed more time to prepare the response, the record does not show that Plaintiffs delayed to gain a tactical advantage or otherwise for an improper purpose. Although not ideal, these circumstances render it appropriate to allow withdrawal of the admissions. *McNamara*, 2019 WL 6122003, at *5 (allowing withdrawal despite carelessness of counsel as cause of delay).

### IV. WARNING TO PLAINTIFFS

While the Court is granting the motion, it must also note that it contains a number of factual and legal misrepresentations by Plaintiffs. For example, the motion represents that the subject

3

requests for admission were served "on or about May 7, 2025," Docket No. 34 at 3, when they were actually served weeks earlier on April 21, 2025, Docket No. 37-1.[3]  The motion also represents that courts must allow withdrawal of admissions when the two-factor test has been satisfied, Docket No. 34 at 5, but the cited case does not say that and Ninth Circuit law is the opposite, *Conlon*, 474 F.3d at 624 ("We have not previously opined on whether Rule 36(b) requires a district court to grant relief when the moving party can satisfy the two-pronged test.  We hold that it does not.  The text of Rule 36(b) is permissive").  The motion also appears to include phantom quotations, such as purporting to quote the Ninth Circuit in *Sonoda* as stating that "[t]he rule is designed to serve the cause of justice, not to punish inadvertence." *See* Docket No. 34 at 7.  That quotation does not appear in *Sonoda*, nor has the Court located any case at all in which that statement was made.  While *pro se* litigants are afforded some leniency with respect to their filings, they are still obligated to comply with Rule 11 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 11(b) (applying to filings by "an attorney or unrepresented party").  Plaintiffs are cautioned that failure to comply with Rule 11 moving forward may result in the imposition of sanctions.

**V.  CONCLUSION**

Accordingly, the Court **GRANTS** Plaintiffs' motion to withdraw admissions.  Docket No. 34.  The Court has conferred with the assigned district judge and **DENIES** without prejudice the pending motion for summary judgment as it relies in part on the deemed admissions.  Docket No. 31.  Discovery is reopened for Defendants only until March 16, 2026.  The dispositive motion deadline is also reset accordingly to April 15, 2026.

IT IS SO ORDERED.

Dated: January 13, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

---

[3] The Court is providing herein examples only, not a full cataloguing of the aspects of the brief that raise Rule 11 concerns.

4